UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BAILEY, | Case No.: 1:23-cv-1631 JLT EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 60 |
| v. | |
| R. MEJIA, et al., | (Doc. 18) |
| Defendants. | |

Raymond Bailey asserted he suffered violations of his rights arising under the Americans with Disabilities Act and the Eighth Amendment while incarcerated at the California Substance Abuse Treatment Facility, Corcoran. (Doc. 12.) The Court found Plaintiff failed to state a cognizable claim—despite the Court previously providing the relevant legal standards and granting leave to amend—and dismissed the amended complaint without further leave to amend. (Doc. 16.) The Court directed the Clerk of Court to close the case, and entered judgment on May 24, 2024. (Docs. 16, 17.) Plaintiff now seeks relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 18.) For the reasons set forth below, the motion is **DENIED**.

**I.     Procedural History**

Plaintiff initiated this action by filing a complaint on November 21, 2023, asserting six correctional officers violated his rights by failing to assure his safety using a walker and not attending to his medical needs. (Doc. 1.) The Court screened his complaint pursuant to 28 U.S.C. § 1915A(a),

1

1  and found Plaintiff failed to state a cognizable claim. (Doc. 9.) The Court provided Plaintiff with the
2  applicable legal standards—including supervisor liability and how to state claims for negligence and
3  violations of his Eighth Amendment rights—and granted leave to amend. (*Id.* at 4-10.)
4        Plaintiff filed an amended complaint, in which he added claims for violations of the Americans
5  with Disabilities Act. (Doc. 12.) Because an amended complaint supersedes the prior pleading, the
6  magistrate judge also screened the complaint pursuant to Section 1915A(a). (Doc. 14.) After finding
7  Plaintiff failed to state cognizable claims, the magistrate judge found "further leave to amend is
8  unwarranted" and recommended the "action be dismissed, without further leave to amend, for failure to
9  state a claim." (*Id.* at 14.) Plaintiff filed objections to the Findings and Recommendations, requesting
10 permission to proceed with the action. (Doc. 15.)
11       The Court performed a *de novo* review of the entire matter—including Plaintiff's objections—
12 and found Plaintiff did not identify factual allegations that support his claims. (Doc. 16.) The Court
13 adopted the Findings and Recommendations; dismissed the amended complaint "for failure to state a
14 claim and without further leave to amend;" and entered judgment on May 24, 2024. (*Id.* at 2; Doc. 17.)
15 Plaintiff filed the motion now pending before the Court, seeking relief from judgment under Rule 60,
16 on June 26, 2024. (Doc. 18.)

17 **II.      Legal Standard**

18       Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms,
19 the court may relieve a party or its legal representative from a final judgment, order, or proceeding."
20 *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence …;
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original). Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

### III.   Discussion

Plaintiff indicates he seeks relief under Rule 60(b)(1) and Rule 60(b)(2), asserting "mistake" and "newly discovered evidence" supports his request for reconsideration. (Doc. 18 at 1; *id.* at 3-13.)

####   A.   Mistake

With respect to "mistake," under Rule 60(b)(1), a party "may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008)). In general, "an inadvertent mistake involves a misunderstanding of the surrounding facts and circumstances." *Melo v. Zumper, Inc.*, 2020 WL 1891796, at*3 (N.D. Cal. Apr. 16, 2020) (citing *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)).

Plaintiff suggests the Court erred in finding he did not state a claim under the ADA or for a violation of his civil rights. (*See generally* Doc. 18.) According to Plaintiff, in the complaint he "seeks to redress the deprivations under color of state law, privileges, and immunities guaranteed by First, Eight[h], Fourteenth Amendment's (sic) of U.S. Constitution, and Title II of ADA 1990; 504 Rehabilitation Act [of] 1973. (*Id.* at 8.) In support of his assertion the Court made a mistake in its rulings, Plaintiff recites pleading requirements for claims, including those arising under 42 U.S.C. § 1983 for equal protection and the Eighth Amendment, supervisor liability, the ADA. (*Id.* at 3, 5-13.)

Significantly, Plaintiff did not state claims under First Amendment, Fourteenth Amendment, or the Rehabilitation Act in the amended complaint. (*See generally* Doc. 12.) Indeed, when the Court issued Findings and Recommendations addressing the claims alleged in the amended complaint—for violations of the Eighth Amendment and the ADA—Plaintiff did not assert he intended to raise other claims not addressed by the Court in its analysis. (*See* Doc. 15; *see also* Doc. 14.) Plaintiff cannot now attempt to re-cast the allegations of his complaint and contend the Court made mistakes by not addressing such claims or by dismissing the action for failure to state a cognizable claim. *See, e.g., See Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend"); *Behringer v. Johnson,* 75 F.3d 189, 190 (5th Cir. 1996) (holding that Rule 60(b) is not a proper vehicle for a party to raise new claims that were not raised before judgment); *Parsons v. Alameda Cnty. Sheriff Dep't*, 2016 WL 3877907, at *1 (N.D. Cal. July 18, 2016) ("[a] motion for reconsideration under … Rule 60(b) is an improper vehicle for bringing new claims not previously raised").

With regard to the stated claims in the FAC under the ADA and Eighth Amendment, Plaintiff fails to show any mistake by the Court in its analysis. He does not show any misunderstanding of the alleged facts and allegations by the Court. In addition, Plaintiff fails to show a substantive error of law in its analysis regarding the sufficiency of his pleadings. He does not identify facts the Court failed to consider in its analysis or identify allegations in the FAC that establish a cognizable claim under the ADA or the Eighth Amendment. Thus, Plaintiff fails to show relief under Rule 60(b)(1) is appropriate for a "mistake" by the Court.

///

### B. "Newly discovered evidence"

Plaintiff also contends relief under Rule 60(b)(2) is appropriate for "newly discovered evidence that with reasonable diligence, could not have been [discovered] in time …" (Doc. 18 at 2.) Beyond this assertion, however, Plaintiff does not identify new facts he recently discovered to support his claims for relief. Indeed, all facts regarding Plaintiff's claims were known to him at the time of his complaint. Although he has added information for the Court—such as his use of knee braces, orthopedic shoes and glasses (Doc. 18 at 10)—the additional allegations do not address the pleading deficiencies identified by the Court for his claim under the ADA or show deliberate indifference by the defendants. Because Plaintiff did not identify any "newly discovered evidence" that necessitates reconsideration, he is not entitled to relief under Rule 60(b)(2.)

## IV.    Conclusion and Order

For the reasons discussed above, Plaintiff's motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. 18) is **DENIED**. This action remains closed.

IT IS SO ORDERED.

Dated:   **July 3, 2024**

UNITED STATES DISTRICT JUDGE

5